IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CODY ARREDONDO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01546-E (BT) |
| | § | |
| ELLIS COUNTY COURTS, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Michael Cody Arredondo, a state pretrial detainee, claims that he is in custody in violation of his Constitutional rights and seeks release from his "illegal" confinement. As explained below, the Court should construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state court remedies. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). The Court should open a new prisoner civil rights case under 42 U.S.C. § 1983 for Arredondo's non-habeas claims.

I.

Arredondo is awaiting trial at the Wayne McCollum Detention Center in Waxahachie, Texas. Pet. 3 (ECF No. 5). He alleges that he has been found incompetent to stand trial due to mental disability. Arredondo argues that "[n]one of the laws regarding the treatment of incompetent persons [have] been followed." *Id.* He further argues that he is being "illegally restrained"

1

through his present confinement. *Id.* According to Arredondo, the restraint is "excessive," "oppressive" and "detrimental to [his] mental health." *Id.* He contends that his confinement is "illegal." *Id.* Specifically, Arredondo claims that when he was found incompetent to stand trial in February 2022, the court had two options: (1) release him on bond, or (2) commit him to a mental facility for 120 days. *Id.* As relief, Arredondo seeks a writ of habeas corpus, and an order releasing him in Case Number 47075 CR or an order directing that he be transported to the appropriate hospital.

On August 18, 2022, the Court issued a Magistrate Judge's Questionnaire (MJQ) to Arredondo so that he could clarify specifically what type of lawsuit he was attempting to file. (ECF No. 9.) The Court instructed Arredondo to respond within 30 days, and he filed a response on August 23, 2022. (ECF No. 11.) Arredondo explained that he was attempting to file "both" a civil lawsuit under § 1983 and a habeas action. *Id.* at 1.

II.

Pretrial petitions, like Arredondo's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer, 161 F.3d at 262*. But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson, 816 F.2d at 225* (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial

2

detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk,* 321 U.S. 114, 118 (1944)).

Here, Arredondo cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. In his petition, he does not mention the exhaustion of his claims in state court. Further, an independent review of the Texas CCA's website reveals that Arredondo has not presented his claims to the Texas CCA. Consequently, his petition should be dismissed.

### III.

Arredondo also suggests that he intends to bring a civil rights action under § 1983. Specifically, he states, "I want to file a civil suit against Ellis County courts, judge, and district attorney." Pet. 1 (ECF No. 3). Arredondo further states, "[t]here are many of my civil rights that are being violated." *Id.* at 2. Later, in response to a question asking Arredondo if he was attempting to pursue a civil rights lawsuit under § 1983 or a habeas action, he stated that it was in his "best interest" to file a civil lawsuit. Resp. 1 (ECF

3

No. 11). As relief, Arredondo seeks $144,000 in monetary damages in what he refers to as his "civil case." Pet. 2 (ECF No. 3).

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Here, Arredondo's civil rights claims will be severed from his § 2241 habeas action.

### IV.

For the foregoing reasons, the Court should dismiss Arredondo's § 2241 petition without prejudice for failure to exhaust state court remedies.

Additionally, the Court SEVERS Arredondo's civil claims from this habeas action filed under § 2241 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order in that case. ECF Nos. 3, 5, 9, and 11 should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

Signed September 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).